UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61356-CIV-COHN/SELTZER

TMR MULTIMEDIA, INC.,

        Plaintiff,

v.

PHD MEDIA, LLC and BBDO
WORLDWIDE, INC.

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO PROCEED *PRO SE* AND DIRECTING PARTIES TO FILE JOINT STATUS REPORT

**THIS CAUSE** is before the Court on Plaintiff's Emergency Motion to Proceed *Pro Se* [DE 80]. The Court has carefully considered the Motion, Defendants' Opposition [DE 82], Plaintiff's Reply [DE 84], the record in this case and is otherwise advised in the premises.

The issue raised by Plaintiff's Motion is whether Plaintiff TMR Multimedia, Inc. is in fact a sole proprietorship so that it may proceed *pro se*. See, e.g., National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 610 (11th Cir. 1984) ("As a sole proprietor, he could proceed *pro se* . . . ."); UPS of Am., Inc. v. Net, Inc., 185 F. Supp. 2d 274, 280 (E.D.N.Y. 2002) (finding that sole proprietors are entitled to represent themselves *pro se*). Plaintiff's original counsel withdrew and now Plaintiff's owner, Jay Schorr, seeks to represent Plaintiff in the remainder of the proceedings. Although Plaintiff is described in the Complaint as a "Florida Corporation," see Compl. ¶ 2, Mr. Schorr declares under penalty of perjury that Plaintiff "does not, and has not, identified itself, nor conducted business, as a corporation since its administrative dissolution in or around September 2006."

Declaration of Jay Schorr, DE 84 ("Schorr Decl.") ¶ 4.[1]  Mr. Schorr further declares that he is the "owner and sole proprietor of TMR Multimedia" and that "TMR Multimedia was a sole proprietorship at the time the causes of action arose in the instant case and has heretofore continued to function as a sole proprietorship." Id. ¶¶ 1-2.

In their Opposition, Defendants set forth argument and evidence contending that Plaintiff "is, indeed, a Florida corporation." DE 82 at 2.  Despite the Plaintiff's September 2006 dissolution, Defendants argue that Plaintiff maintains its corporate existence because Plaintiff did not take administrative steps such as adopting a plan to distribute assets or filing articles of dissolution.  In addition, Defendants point out that under Florida law, "a corporation that is administratively dissolved 'continues its corporate existence but may not conduct any affairs except that necessary to wind up and liquidate its affairs . . . .' and may apply for reinstatement at any time after the effective date of dissolution.  If granted, reinstatement is effective retroactively as though the corporation had never been administratively dissolved." DE 82 at 1 (citing Fla. Stats. §§ 617.1421 & 617.1422).[2]

It has been found that where an individual continues to conduct business after corporate dissolution, such a business is "operating by default, as a sole proprietorship." I-Systems, Inc. v. Softwares, Inc., 2004 U.S. Dist. LEXIS 6001, at

---

[1] Mr. Schorr also declares that he informed Plaintiff's former counsel that Plaintiff was not a corporation, however, counsel "never asked leave of this Court to amend the complaint in the instant case to reflect the company's non-corporate status." Schorr Decl. ¶ 8.

[2] Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to sue or be sued is determined "for a corporation, by the law under which it was organized" and "for all other parties, by the law of the state where the court is located." Fed. R. Civ. P. 17(b).  Accordingly, Florida law controls.

\*11 (D. Minn. Mar. 29, 2004).  Under Florida law, once a corporation is administratively dissolved, it loses its capacity to sue except as necessary to wind up and liquidate its business and affairs.  See <u>Paradise Creations, Inc. v. U V Sales, Inc.</u>, 315 F.3d 1304, 1307 (Fed. Cir. 2003) (applying Florida law).

Defendants argue that Plaintiff maintains its corporate existence under the following exception: "[a]dministrative dissolution of the corporation does not 'prevent commencement of a proceeding by or against the corporation in its corporate name' provided the suit is necessary to wind up and liquidate its business and affairs." DE 82 at 4 (quoting Fla. Stat. § 617.1405(2)(d)).  Here, the events leading to this lawsuit took place in 2008, well after the dissolution, and thus this action cannot fairly be characterized as "necessary to wind up and liquidate [Plaintiff's] affairs . . . ." Fla. Stat. § 617.421(3).  Defendants cite <u>Selepro, Inc. v. Church</u>, 17 So. 3d 1267 (Fla. Dist. Ct. App. 4th Dist. 2009), in support of their position, however, in that case the plaintiff was "not transacting business, but instead winding up its affairs by amassing assets for final distribution though the prosecution of the underlying suit." <u>Id.</u> at 1270; <u>see also id.</u> at 1269 ("Winding up the business includes the collection of assets, the disposal of properties, discharging liabilities and taking related actions, which may include bringing or defending legal proceedings associated with winding up or liquidation.") (quotation omitted).

Defendants also argue that Plaintiff may not "maintain any action based on conduct concerning 'TMR Multimedia' because Jay and Margaret Schorr failed to register this fictitious name." DE 82 at 2.  The penalty for failure to comply the Fictitious Name Act is that the business and its interested persons "may not maintain any action, suit, or proceeding in any court of this state until this section is complied

with." Fla. Stat. § 865.09(9)(a). "Thus, noncompliance is not a jurisdictional bar to commencing an action, but merely requires a court to hold the prosecution of a non-complying party's claim in abeyance until compliance is accomplished." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 2003 U.S. Dist. LEXIS 27724 (M.D. Fla. Aug. 18, 2003) (citing Jackson v. Jones, 423 So. 2d 972, 973 (Fla. Dist. Ct. App. 4th Dist. 1982)).

In response to Defendants' arguments, Mr. Schorr took the step of registering the fictitious name of "TMR Multimedia" on May 27, 2010. See Exibit 4 to DE 84. Therefore, with respect solely to the issue of whether Plaintiff may at this point proceed *pro se*, the Court finds that this registration is sufficient to satisfy the statutory requirements. Accordingly, the Court will grant Plaintiff's Emergency Motion to Proceed *Pro Se*.

In light of this ruling, Mr. Schorr and Defendants' counsel are directed to meet and confer about several outstanding issues. First, the parties shall discuss whether they can resolve the Motions to Compel [DE's 67 & 68] without Court intervention. If not, the Court shall order an expedited briefing schedule. Second, the parties shall set a date for the deposition of Mr. Schorr. Third, the record does not reflect that this case has been mediated. Accordingly, the parties shall arrange and attend a meditation as soon as practicable. The parties shall file a Joint Status Report advising the Court of the results of the meet and confer and identify any disagreements regarding the foregoing issues on or before July 2, 2010. Upon receiving the Joint Status Report, the Court will issue a revised Scheduling Order which shall set all remaining pre-trial deadlines and a trial date. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Emergency Motion to Proceed *Pro Se* [DE 80] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that the parties shall file a Joint Status Report in accordance with this Order **on or before July 2, 2010**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 25TH day of June, 2010.

JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record via CM/ECF

TMR Multimedia
PO Box 72
Hallandale, FL 33008