UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61356-CIV-COHN/SELTZER

TMR MULTIMEDIA, INC.,

       Plaintiff,

v.

PHD MEDIA, LLC and BBDO
WORLDWIDE, INC.

       Defendants.

_____/

## ORDER REQUIRING MEDIATION AND RESETTING TRIAL DATE AND CERTAIN PRE-TRIAL DEADLINES

**THIS CAUSE** is before the Court *sua sponte*.  Plaintiff's Complaint was filed in state court on July 30, 2009 and removed to this Court on August 28, 2009.  See DE 1.  Plaintiff filed an Amended Complaint [DE 22] on November 16, 2009 which asserts claims of (1) idea misappropriation, (2) breach of contract, (3) breach of implied contract, (4) unjust enrichment, (5) violation of Michigan's Consumer Protection Act, (6) violation of Florida's Deceptive and Unfair Trade Practices Act, (7) civil conspiracy, (8) theft of trade secrets, (9) fraudulent inducement, (10) constructive fraud, and (11) civil theft.  Plaintiff's claims allege that Defendants wrongfully used Plaintiff's idea for a marketing campaign.  The idea is an online reality competition in which pick-up truck drivers compete against one another on an obstacle course to show the "toughness" and capabilities of the truck.  Defendants assert that they created the idea and contend that Plaintiff's allegations are false.

On April 14, 2010, two days before the deadline to complete fact discovery, Plaintiff's counsel filed an Emergency Motion to Withdraw [DE 66].  On the same

day, Plaintiff also filed two discovery motions.  The Court held a hearing on the withdrawal issue and permitted the Ticktin Law Group, P.A. ("Ticktin") to withdraw as Plaintiff's counsel.  In turn, the Court ordered Plaintiff, identified in the Amended Complaint as a Florida corporation, to obtain substitute counsel by May 17, 2010.

On May 17, 2010, Jay Schorr filed an Emergency Motion to Proceed *Pro Se* [DE 80] wherein he explained that Plaintiff is in fact a sole proprietorship.  After the parties briefed the issue, the Court entered an Order Granting Plaintiff's Emergency Motion to Proceed *Pro Se* and Directing Parties to File Joint Status Report [DE 85] on June 25, 2010.  The Order directed that by July 2, 2010, the parties file a Joint Status Report discussing the pending discovery motions and proposing a revised schedule for the trial in this matter and all remaining pre-trial deadlines.

On July 2, 2010, the parties filed a Joint Status Report [DE 86] which indicated that Mr. Schorr needed "another week to review the discovery and information that he had received from his prior counsel."  The Report also stated that "the parties have scheduled a conference call for July 12, 2010 to discuss a possible resolution of the case and to prepare a further joint status report to the Court addressing (1) all remaining discovery issues; and (2) a proposed schedule for all remaining pre-trial deadlines."

On July 14, 2010, the Court entered an Order Cancelling Calendar Call and Directing Parties to File a Joint Status Report [DE 87].  That Order instructed the parties to submit the "further joint status report" contemplated by the parties no later than July 16, 2010.  In response, the parties submitted a Joint Status Report [DE 88] which indicated that (1) the parties had been unable to agree on the majority of

outstanding issues, (2) the parties would conduct yet another conference call on July 23, 2010, and (3) proposed a revised schedule with Calendar Call to take place next year on January 17, 2011.

The Court will not continue this case until next year.  The Court reluctantly granted Ticktin's motion to withdraw because, at the hearing, it was clear that irreconcilable differences existed between Ticktin and Plaintiff and neither party objected to withdrawal.  The parties are advised that the withdrawal of Plaintiff's counsel at the eleventh hour does not allow the parties to reopen discovery.  The parties have had sufficient time to develop the facts in this matter.  Once the pending discovery motions are resolved, the Court will allow a brief period of discovery and this case will proceed promptly to trial.  The Court will also order this case be mediated before United States Magistrate Judge Palermo.

Finally, the Defendants have raised the prospect that this action "is frivolous and that the continued prosecution of this lawsuit violates Rule 11 of the Federal Rules of Civil Procedure."  DE 73 at 1.  Mr. Schorr has proved himself capable of litigating this case.  Nevertheless, what matters at this stage in the litigation are the facts.  While the Court reserves judgment regarding Defendants' request for sanctions, Mr. Schorr is advised that by proceeding *pro se*, any sanctions related to Plaintiff's prosecution of this case following the withdrawal of Ticktin will fall on Mr. Schorr alone.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Trial in the above-referenced matter is **RESET** to the two-week trial period commencing **November 8, 2010** at 9:00 a.m., or as soon thereafter as the case may be called.  The Calendar Call is **RESET** to **November 4, 2010** at 9:00 a.m.  All counsel must be present.  The Court **RESETS**

the following motion and pretrial deadlines:

| | |
|---|---|
| Defendants' Responses to Plaintiff's Motion to Compel [67] and Plaintiff's Motion to Compel Better Answers to Plaintiff's Second Request for Production of Documents [68] | July 30, 2010 |
| Mediation Completed | August 4, 2010 |
| Plaintiff's Replies in further support of its Plaintiff's Motion to Compel [67] and Plaintiff's Motion to Compel Better Answers to Plaintiff's Second Request for Production of Documents [68] | August 6, 2010 |
| Fact and Expert Discovery Completed | August 27, 2010 |
| Dispositive Pretrial Motions and Motions to Exclude or Limit Expert Testimony | September 10, 2010 |
| Motions in Limine | October 22, 2010 |
| Responses to Motions in Limine, Joint Pretrial Stipulation, and Designation of Deposition Excerpts for Trial | November 1, 2010 |
| Submission of Voir Dire Questions and Objections to Deposition Designations[1] | Day of Calendar Call (November 4, 2010) |

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 22nd day of July, 2010.

_____
JAMES I. COHN
United States District Judge

---

[1]      Prior to the filing of any objections to deposition designations, the parties must confer in an effort to reduce or eliminate these objections.

Copies provided to:

Counsel of record via CM/ECF